## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3142 | **DATE** | 9/5/2003 |
| **CASE TITLE** | Blond & Braun, et al vs. Maria Arroyo, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants' 28 U.S.C. Section 1404(a) motion to transfer venue is denied. The Court dismisses this action without prejudice for improper venue pursuant to 28 U.S.C. Section 1406.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -5 PM 1:?? | date mailed notice | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLOND & BRAUN )
HAARWARENERZEUGUNGS U. )
HANDELSGES M.B.H., an Austrian )
limited liability company and FELIX )
TRAINTINGER, an individual, )
)
            Plaintiffs, )   No. 03 C 3142
)   Paul E. Plunkett, Senior Judge
   v. )
)
MARIA ARROYO and PEPE ARROYO )
d/b/a HOUSE OF HAIR INTERNATIONAL, )
INC., KIMARIE TETER, an individual and )
HAIRLOCS EXTENSION SYSTEM, INC., a )
California corporation d/b/a HAIRLOCS, INC., )
)
           Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued defendants for patent infringement, trademark infringement, unfair competition and tortious interference with prospective economic advantage. The case is before the Court on defendants' motion to transfer venue to the Central District of California. For the reasons set forth below, the motion is denied and the Court dismisses this case for improper venue pursuant to 28 U.S.C. § 1406.

## Facts

Plaintiff Blond & Braun Haarwarenerzeugungs U. Handelsges M.B.H. ("Blond & Braun") is an Austrian company that sells hair products and services. (Compl. ¶¶ 4, 11.) Plaintiff Felix Traintinger is the president of Blond & Braun and the inventor of a hair extension method claimed in U.S. Patent No. 5,752,530 ("the '530 Patent"). (Id. ¶¶ 5, 9.) Blond & Braun sells a hair extension kit that includes tools and materials for accomplishing the hair extension method claimed in the '530 Patent under the registered trademark "Euroloc." (Id. ¶¶ 10-11.)

On December 4, 1999, Blond & Braun entered into a distribution agreement with defendant Maria Arroyo. (Id. ¶ 12.) In total, the contract states: "It is hereby agreed that Maria Arroyo of House of Hair International will handle the distribution of the Euroloc Hair Extension System through the . . . Central and West Coast of the United States of America." (Defs.' Br. Supp. Mot. Transfer Venue, Ex. A, Euroloc Hair Extension System Agreement.)

In June 2002, Blond & Braun says, it discovered that Arroyo was selling its products under the "Hairlocs" name. (Compl. ¶¶ 13-14.) Consequently, Blond & Braun terminated the distribution contract. (Id. ¶ 15.)

Though they had no right to do so, Blond & Braun says that defendants continued to market and sell its products and train hairstylists to use its patented method under the "Hairlocs" brand after the distribution contract was terminated. (Id. ¶¶ 16-19.) Blond & Braun contends that those actions render defendants liable for patent and trademark infringement, unfair competition and tortious interference with prospective economic advantage.

## Discussion

The Court may "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § ("section") 1404(a). Transfer is appropriate if: 1) venue is proper in the transferor district; 2) venue and jurisdiction are proper in the transferee district; and 3) the transfer will serve the convenience of the parties and witnesses and the interests of justice. Id.; see Chicago R.I. & P.R., Co. v. Igoe, 212 F.2d 378, 379 n.1 (7th Cir. 1954) (noting that section 1404(a) "presupposes two jurisdictions in which venue may be laid"). Thus, we must first determine whether venue is proper in this district.

There are two venue statutes that apply to this case. Under the first, which applies to cases involving federal questions, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Under the second, which applies to patent infringement cases, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For venue purposes, a corporation is deemed to reside "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Plaintiffs have sued three individuals, Pepe and Maria Arroyo and Kimarie Teter, and a California corporation, Hairlocs Extension System, Inc. The individual defendants reside in California. (Compl. ¶¶ 6, 8; Arroyo Decl. ¶ 3.) Hairlocs is a resident of California and, assuming

that plaintiff's allegations are true, is an Illinois resident as well. See 735 ILL. COMP. STAT. 2/209(2) (defendant is amenable to personal jurisdiction in Illinois if it commits a tortious act in the State). None of the defendants has "a regular and established place of business" in Illinois. Thus, venue is not proper in this district under either the patent venue statute or the first prong of the federal question venue statute.

Venue would still be proper in this district, however, if "a substantial part of the events or omissions giving rise" to plaintiffs' claims occurred here, the second prong of the federal question venue statute. 28 U.S.C. § 1391(b). Plaintiffs allege that defendants infringed their patent and trademark, engaged in unfair competition and interfered with their prospective economic advantage by manufacturing, advertising and selling "Hairlocs hair extension kits" and training hairstylists to use them. (See generally Compl.) They have not, however, demonstrated that a substantial part of those activities occurred in Illinois. Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1970) (noting that burden of establishing proper venue rests with plaintiff).

On the contrary, the record shows that most of the events underlying this suit took place outside of Illinois. The Hairlocs extension kits are manufactured in California (Arroyo Decl. ¶¶ 3-4) and are marketed and distributed throughout the United States (id. ¶ 10; Compl. ¶¶ 21, 28, 35, 42-43, 48, 56). Defendants attended, or are scheduled to attend, at least fourteen trade shows in 2003, only one of which was in Illinois. (Arroyo Decl. ¶ 11; Pls.' Br. Opp'n Mot. Transfer Venue, Ex. C, Hairlocs Show & Event Calendar.) Defendants have trained 200 stylists in the Hairlocs method, only nine of whom live in Chicago. (Arroyo Decl. ¶ 11; Pls.' Br. Opp'n Mot. Transfer Venue, Ex. E, Hairlocs Certified Specialists in Chicago.) Moreover, though defendants have sold Hairlocs extension kits to Illinois customers, those sales account for less than one-tenth of one percent of all

Hairlocs sales. (Arroyo Decl. ¶ 11.) Given those facts, we cannot say that "a substantial portion of the events . . . giving rise to plaintiffs' claims" occurred in this district. Thus, venue is not proper here.

Because venue is not proper in this district, we cannot transfer the case pursuant to section 1404(a). Chicago R.I. & P.R., 212 F.2d at 379 n.1. We can, however, dismiss or transfer it pursuant to section 1406, which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Given plaintiffs' strenuous objection to a transfer and their belief that important evidence will be unavailable in California, (see Br. Opp'n Mot. Transfer Venue at 11-13), the Court exercises its discretion to dismiss, rather than transfer, this case. The dismissal is without prejudice, of course, so plaintiffs can refile in California if, at some future point, they determine that pursuing the case there is feasible.

## Conclusion

For the reasons set forth above, defendants' 28 U.S.C. § 1404(a) motion to transfer venue is denied. The Court dismisses this action without prejudice for improper venue pursuant to 28 U.S.C. § 1406.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 9-5-03